1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   MIRANDA KANE (CABN 150630)
3  Chief, Criminal Division

4  DAMALI A. TAYLOR (CABN 262489)
   Assistant United States Attorney
5      450 Golden Gate Ave., Box 36055
       San Francisco, California 94102
6      Telephone: (415) 436-7200
       Fax: (415) 436-7234
7      E-Mail: damali.taylor@usdoj.gov

8  Attorneys for Plaintiff

FILED
MAY 2 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9                 UNITED STATES DISTRICT COURT
10                NORTHERN DISTRICT OF CALIFORNIA
11                   SAN FRANCISCO DIVISION

12  UNITED STATES OF AMERICA,         )   No. CR 3-13-70439
                                      )
13         Plaintiff,                 )   STIPULATION AND [PROPOSED] ORDER
                                      )   DOCUMENTING WAIVER OF TIME
14     v.                             )   UNDER RULE 5.1 AND EXCLUSION OF
                                      )   TIME UNDER THE SPEEDY TRIAL ACT
15  TONY MEI,                         )
                                      )
16         Defendant.                 )
                                      )
17  _____)

18

19         The parties appeared before the Court in this matter on April 25, 2013 for detention
20  hearing. Assistant United States Attorney Damali Taylor appeared on behalf of the United
21  States. Steven Gruel, Esquire, appeared on behalf of the defendant, TONY MEI, who was
22  present and in custody. At the time of the hearing, conditions of release were imposed.
23         During the April 25, 2013 hearing, the parties requested that the anticipated date for
24  preliminary hearing, May 6, 2013, be continued to Wednesday, May 29, 2013, due to scheduling
25  conflicts, as well the need to examine the evidence and investigate the matter before formal
26  charges are filed. The Court found good cause for extending the time limits under Rule 5.1(d).
27  The matter was continued to May 29, 2013 for the purpose of preliminary hearing. Accordingly,
28  pursuant to Federal Rule of Criminal Procedure 5.1, the Court is required to conduct a

STIPULATION & [PROPOSED] ORDER
CR 3-13-70439

1  preliminary hearing on or before May 29, 2013, unless, *inter alia*, the defendant, who is in
2  custody, waives the preliminary hearing or is indicted.
3        Defense counsel further requested that, in order to review the discovery and to conduct
4  investigation necessary to effectively prepare defendant for either trial or resolution, that time be
5  excluded under the Speedy Trial Act between April 25, 2013 and May 29, 2013, the newly
6  scheduled preliminary hearing date.  Defense counsel represented that additional time is
7  necessary to review the evidence and investigate the case, and that it is in the best interests of the
8  defendant to do so before formal charges are filed.
9        The government also had no objection to excluding time and the parties stipulated to an
10 exclusion of time from April 25, 2013 to May 29, 2013.  The parties agree that the ends of
11 justice served by granting such an exclusion of time outweigh the best interests of the public and
12 the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).  The Court made findings consistent
13 with the parties' agreement.

SO STIPULATED:

                                          MELINDA HAAG
                                          United States Attorney

DATED: April 26, 2013                     /s/
                                          DAMALI A. TAYLOR
                                          Assistant United States Attorney

DATED: April 26, 2013                     /s/
                                          STEVEN GRUEL
                                          Counsel for the Defendant

[~~PROPOSED~~] ORDER

For the foregoing reasons, the Court HEREBY ORDERS that the preliminary hearing in this matter is re-set to May 29, 2013, at 9:30 a.m., before the Honorable Joseph C. Spero. The Court finds that good cause is shown for extending the time limits set forth in Federal Rule of Criminal Procedure 5.1(c), and, further, concludes that the extension is proper under Rule 5.1(d) and Title 18, United States Code, Sections 3060 and 3161.

The Court finds that the failure to grant the requested extension would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served by granting the requested extension outweigh the best interests of the public and the defendant in a speedy trial and in the prompt disposition of criminal cases. The Court also concludes that an exclusion of time from April 25, 2013 through and including May 29, 2013, should be made under Title 18, United States Code, Sections 3161(h)(7)(A) and 3161(h)(7)(B)(iv). The Court also finds that the ends of justice served by excluding the period from April 25, 2013 through and including May 29, 2013, outweigh the best interest of the public and the defendant in a speedy trial. Id. § 3161(h)(7)(A).

**IT IS SO ORDERED.**

Dated: 5-2-13

~~NANDOR J. VADAS~~
UNITED STATES MAGISTRATE JUDGE

Maria Elena James